**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

SEP 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIOMARA NOHEMI MORENO MONROY, | No. 22-1817 |
| Petitioner, | Agency No. A208-898-926 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2023[**]

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Xiomara Nohemi Moreno Monroy, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

denying her motion to reopen removal proceedings. Our jurisdiction is governed

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen.  *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely, where it was filed over six months after the final removal order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of the final removal order), and petitioner has not established changed country conditions in Guatemala to qualify for an exception to the filing deadline, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (movant must produce material evidence that conditions in country of nationality had changed); *Najmabadi*, 597 F.3d at 987-90 (evidence must be "qualitatively different" to warrant reopening).

To the extent Moreno Monroy challenges the merits of her underlying claims, we do not review these determinations because the petition for review is not timely as to the agency order that decided those issues.  *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").

We also lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte.  *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020) (denial of sua sponte reopening is committed to agency discretion and

unreviewable).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**